UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID WILLIAM RICARDEZ,

    Plaintiff,

v.

DAVID EDWARDS, *et al.*,

    Defendant.

CASE NO. 3:21-cv-05437-RAJ-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on referral and on plaintiff David William Ricardez's filing of a proposed complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Dkt. 1.

Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915A, which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein. If plaintiff chooses to amend his

proposed complaint, he must file his amended proposed complaint on the Court's form, on or before **August 13, 2021**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The Court further notes that plaintiff has filed a motion to proceed *in forma pauperis* in this matter. Should plaintiff's motion be granted, he will nevertheless be required to make partial payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* motion at this time. Instead, the Clerk shall renote the *in forma pauperis* motion for the Court's consideration on August 13, 2021. Thus, if plaintiff chooses not to proceed with this case, then he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for *in forma pauperis* status at this time.

## BACKGROUND

Plaintiff alleges that he has been incarcerated at Grays Harbor County Jail since October 29, 2020, where he is awaiting trial. Dkt. 1. His proposed complaint alleges three claims. Counts I and III assert, respectively, violation of plaintiff's right to speedy trial and violation of due process during his pretrial proceedings. *Id*. at 4, 7–8. Count II alleges that unnamed persons have opened plaintiff's legal mail. *Id*. at 6. Plaintiff names as defendants Grays Harbor County Superior Court Judge David Edwards and Jennifer Zorn, a Grays Harbor County prosecutor. *Id*. at 3.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

**A.  Counts I and III**

  1.  <u>Habeas Corpus versus § 1983 Action</u>

The Court first notes that plaintiff's Counts I and III must be raised in a habeas corpus petition rather than in a § 1983 complaint.

Plaintiff's Proposed Complaint contains claims arising under habeas corpus. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. . . . With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Here, plaintiff's Counts I and III challenge his physical confinement, contending that he is being confined in violation of his rights to speedy trial and due process. These claims may

only be properly raised in a §2241 habeas petition and are not cognizable in this § 1983 action. Plaintiff therefore fails to state a claim upon which relief can be granted.

2. *Younger* Abstention

Regardless of whether this case is filed as a § 1983 action or a habeas petition, Counts I and III are also inappropriate in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Plaintiff is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding. As *Younger* abstention applies to Plaintiff's claim, Plaintiff's Counts I and III fail to state a claim upon which relief can be granted.

## B. Count II

Plaintiff's remaining claim—for opening his legal mail—challenges a condition of his confinement and, if properly pled, could be brought in a § 1983 civil rights action. However, plaintiff's allegations are not adequate to state a claim upon which relief can be granted.

### 1. Failure to Allege Personal Participation

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

Here, plaintiff fails to identify any defendants who personally participated in opening his legal mail, stating only that "my legal mail was opened two different times since my arrest." Dkt. 1 at 6. The proposed complaint names two defendants—a judge and a prosecutor who are

apparently connected with plaintiff's ongoing criminal trial—but contains no factual allegations connecting them in any way to the alleged opening of his mail. Plaintiff has therefore failed to state a claim upon which relief can be granted.

   2. <u>Immunity</u>

Furthermore, both named defendants are protected by absolute immunity.

Section 1983 claims for monetary damages against judges are barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Judges retain their immunity even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or acting in error, *see Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Additionally, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Similarly, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at 430–31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427).

Plaintiff's claims therefore fail for the additional reason that both of the named defendants are immune from liability.

### INSTRUCTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court, including only claims challenging the conditions of his confinement. Plaintiff may also file a separate § 2241 habeas petition challenging the fact or duration of his custody on the form provided by the Court, but if he does so he must clearly explain in the Petition why his claims should not be dismissed as barred by *Younger*.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it states a claim upon which relief can be granted and contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court

will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before August 13, 2021, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

Dated this 13th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge