UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID WILLIAM RICARDEZ,

        Plaintiff,

v.

DAVID EDWARDS, *et al*.,

        Defendants.

CASE NO. 3:21-cv-05437-RAJ-JRC

SECOND ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on referral and on plaintiff David William Ricardez's filing of a proposed amended complaint under 42 U.S.C. § 1983. Dkt. 7.

Plaintiff previously filed a proposed complaint, which this Court found deficient; the Court ordered plaintiff to file an amended complaint correcting the deficiencies and deferred consideration of plaintiff's motion to proceed *in forma pauperis*. Dkt. 6. Plaintiff has filed an amended complaint, but it remains deficient. The Court will permit plaintiff another opportunity to correct the defects in his pleading identified herein and will further defer consideration of plaintiff's *in forma pauperis* motion until a second amended complaint is filed. If plaintiff

chooses to amend his proposed complaint, he must file his proposed amended complaint on the Court's form, on or before **September 6, 2021**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice. The Clerk shall renote plaintiff's *in forma pauperis* motion for September 6, 2021.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's amended complaint names as its only defendant "Grays Harbor County Sheriffs Office." A governmental agency is not a "person" under Section 1983. *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008) (holding that the Seattle Police

1  Department is not a legal entity capable of being sued under § 1983). Plaintiff's complaint
2  therefore does not name a defendant that can be held liable under Section 1983.
3        A municipality, such as Grays Harbor County, can be subject to suit under Section 1983,
4  but only if its policies are the "moving force [behind] the constitutional violation.'" *City of*
5  *Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting v. New York City Dept. of Social Services*,
6  436 U.S. 658, 694 (1978)). The unconstitutional acts of a municipal employee cannot, standing
7  alone, lead to municipal liability, because there is no supervisory liability under section 1983.
8  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). In order to state a
9  claim against a county or other municipal entity a plaintiff must show that defendant's
10 employees or agents acted through an official custom or policy that permits deliberate
11 indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct.
12 *See Monell*, 436 U.S. at 690–91. To establish municipal liability under § 1983, a plaintiff must
13 show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the
14 policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is
15 the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474
16 (9th Cir. 1992).
17       Even if plaintiff had named Grays Harbor County—rather than its Sheriff's Office—as
18 the defendant, he would still have failed to state a claim. Plaintiff claims that an unidentified jail
19 employee opened mail from his counsel. Dkt. 7 at 4–5. Plaintiff has not identified any County
20 policy that is a moving force behind the alleged violation of his rights. Instead, he appears to
21 contend that the Sherriff's office should be held liable for the allegedly unconstitutional act of its
22 unnamed employee. Because there is no supervisory liability under Section 1983, plaintiff's
23 allegations fail to state a claim upon which relief may be granted. *Monell*, 436 U.S. at 692.
24

**INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue this Section 1983 civil rights action, he must file an amended complaint on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct. If plaintiff intends to pursue a claim against Grays Harbor County, he must allege facts demonstrating how a specific policy or custom caused the alleged constitutional deprivation.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it states a claim upon which relief can be granted and contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

2 raised herein on or before September 6, 2021, the undersigned will recommend dismissal of this

3 action pursuant to 28 U.S.C. § 1915A.

4    Dated this 5th day of August, 2021.

*[signature]*

J. Richard Creatura
Chief United States Magistrate Judge