1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   DAVID WILLIAM RICARDEZ,

11                    Plaintiff,                    CASE NO. 3:21-cv-05437-RAJ-JRC

12        v.                                        REPORT AND RECOMMENDATION

13   DAVID EDWARDS, *et al.*,                       NOTED FOR: January 7, 2022

14                    Defendants.

15

16        This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate

17   Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

18   MJR 3, and MJR 4. This matter is before this Court on plaintiff's motion to proceed *in forma*

19   *pauperis* ("IFP") and second amended complaint ("SAC"). Dkts. 4, 15.

20        Plaintiff's SAC challenges the validity of his conviction and/or seeks release from

21   confinement. Such a claim must be brought in a habeas corpus action, not in a civil rights action.

22   So plaintiff has improperly filed the SAC. Consequently, the SAC should be dismissed without

23   prejudice and plaintiff should be instructed that he may file a new, separate habeas corpus action

24

REPORT AND RECOMMENDATION - 1

upon the proper Court-issued form.

Because plaintiff has not yet filed a properly filed complaint, the Court declines to rule on the IFP motion at this time for the reasons stated below.

**BACKGROUND**

Plaintiff filed his complaint. Dkt. 1. On July 13, 2021, this Court declined to serve it and ordered him to file an amended complaint. Dkt. 6. This Court found that plaintiff had to raise certain allegations in a habeas corpus petition and that these allegations were also subject to an abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* at 2–3. Furthermore, this Court found that plaintiff failed to adequately plead his remaining claim, which challenged "opening his legal mail." *Id.* at 5. This Court reasoned that plaintiff failed to allege personal participation in the purported constitutional violation and that absolute immunity protected the named defendants. *Id.* at 5–6.

On July 21, 2021, plaintiff filed an amended complaint. Dkt. 7. On August 5, 2021, this Court again declined to serve it and ordered plaintiff to file a SAC by September 6, 2021. Dkt. 8. This Court found that plaintiff failed to state a claim because he sued only Grays Harbor County and failed to identify "any County policy that [was] a moving force behind the alleged violation of his rights." *See id.* at 3.

On August 20, 2021, this order was returned undeliverable. Dkt. 9. On September 13, 2021, this Court issued a minute order stating that, if plaintiff did not provide an updated address by October 19, 2021, it would dismiss the case. Dkt. 10.

On September 22, 2021, this Court noted that the Clerk had recently updated plaintiff's address. So this Court ordered plaintiff to file a SAC by October 21, 2021 and instructed the Clerk to send him copies of the original order for a SAC and § 1983 form. Dkt. 11. However, the

1  docket did not reflect that the Clerk sent plaintiff these copies as instructed. *See id.* Therefore, on

2  October 28, 2021, this Court ordered the Clerk to regenerate to plaintiff the Court's order for a

3  SAC and generate to plaintiff a copy of the § 1983 form. Dkt. 12. Further, by November 28,

4  2021, this Court ordered plaintiff to file a SAC in accordance with the order for a SAC. *Id.*

5      On November 15, 2021, this Court's October 28, 2021 order was returned undeliverable;

6  jail staff informed the Clerk that plaintiff was now incarcerated at Stafford Creek Corrections

7  Center ("SCCC"). Dkt. 13. The record reflected that the Clerk had regenerated the October 28,

8  2021 order to plaintiff at SCCC. *Id.* However, it was unclear whether plaintiff had received this

9  Court's order for a SAC and a copy of the § 1983 form. *See id.* Therefore, on November 17,

10 2021, this Court ordered plaintiff to file a SAC by December 17, 2021. Dkt. 14. This Court

11 further ordered the Clerk to regenerate to plaintiff the order for a SAC and to generate to plaintiff

12 a copy of the § 1983 form. *Id.* at 2.

13      On November 26, 2021, plaintiff timely filed his SAC. *See* Dkt. 15 at 1, 6. Plaintiff

14 alleges that he is a convicted and sentenced state prisoner and names Judge David Edwards as

15 the sole defendant. *Id.* at 2–3. In his only Count, plaintiff alleges that his "speedy trial rights"

16 were violated because he was booked on October 29, 2020 and "never got a continuance and

17 only seen [sic] the inside of a court room on June 15th of 2021 for Day 1 of trial." *Id.* at 4–5. For

18 relief, plaintiff seeks "to stop these people from doing people wrong," "legal help," and "a

19 habeas corpus." *Id.* at 6.

20                                    **DISCUSSION**

21      "Federal law opens two main avenues to relief on complaints related to imprisonment: a

22 petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *See*

23 *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any

24

confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (citation omitted). "The [Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted).

Courts may, in appropriate circumstances, recharacterize a § 1983 complaint as a habeas corpus petition. *See id.* at 936. Recharacterization may be improper, however, when the complaint names the incorrect respondents or when recharacterization is impossible or disadvantageous to the prisoner. *See id.*

Here, plaintiff's allegations indicate that he seeks to invalidate his conviction and/or released from confinement based on a purported violation of his speedy trial rights. *See* Dkt. 15 at 4–6. Because plaintiff challenges the validity of his conviction and/or seeks release from confinement, he must bring his claim in a habeas corpus action.

This Court declines to construe the SAC as a § 2254 petition. Plaintiff has sued Judge Edwards. However, plaintiff's present custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Furthermore, habeas corpus actions must be filed on this District's form for such actions. LCR 100 (a). Additionally, the filing fees in § 1983 and § 2254 actions vary considerably. *See* 28 U.S.C. § 1914(a)–(b). Considering these obstacles, the SAC should be dismissed without prejudice and plaintiff should be instructed that he may file a new, separate § 2254 action on the proper form.

**IFP STATUS ON APPEAL**

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

## CONCLUSION

As discussed above, it is recommended that: (1) the SAC (Dkt. 15) be DISMISSED without prejudice and all pending motions (*see* Dkt. 4) be DENIED as moot; (2) the Clerk be directed to SEND plaintiff a copy of this District's form for § 2254 actions together with this Report and any order adopting it; and (3) this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 7, 2022** as noted in the caption.

Dated this 22nd day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge